# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

GEORGE A. KIRGAN,                    )
                                     )
      Plaintiff,                   )
                                     )
          v.                    )          Case No.  10-cv-1392
                                     )
FCA, LLC,                            )
                                     )
      Defendant.                   )

## O R D E R   &   O P I N I O N

This matter is before the Court on Defendant's Motion to Dismiss Count IV of Plaintiff's Amended Complaint. (Doc. 17). For the reasons stated below, the Motion is DENIED.

### BACKGROUND[1]

Plaintiff was employed by Defendant between May 1999 and July 20, 2009, when he was discharged. Plaintiff worked for Defendant as a Plant Manager for Defendant's operations within a Caterpillar facility in Mossville, and a manager for another of Defendant's operations in Mossville. In both February and May 2009, Plaintiff was informed by one of Defendant's owners and officers, Jeff Campagna, that his job with Defendant was secure, and that he would have a job there for as long as he wanted. Thereafter, Defendant ceased most of its operations at the

---

[1]     As noted below, the Court must take all well-pleaded facts in Plaintiff's Complaint as true on a Motion for Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). Therefore, these background facts are drawn from Plaintiff's Amended Complaint. (Doc. 15).

Mossville Caterpillar facility, but Plaintiff remained employed by Defendant and Defendant had other available jobs for which Plaintiff was qualified.

On June 14, 2009, Plaintiff suffered a stroke that caused brain damage and impaired his ability to control various muscles, perform manual tasks, lift, and reach. Plaintiff informed Defendant of the stroke and his need to recover. Approximately one week following the stroke, Plaintiff had recovered sufficiently to perform the essential functions of his job.

On July 17, 2009, Campagna informed Plaintiff that his position was being eliminated and his employment would be terminated effective July 20, 2009, but that Plaintiff would be considered for future positions as they arose. Other managerial and/or salaried employees at the Mossville Caterpillar facility had their positions eliminated at the same time, but they were transferred to other facilities and positions, not terminated. Other positions for which Plaintiff would have been qualified have since become available, but Defendant has not offered those positions to Plaintiff. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission in March 2010.

Plaintiff filed his Complaint in this Court on November 23, 2010, containing four counts alleging that Defendant's conduct violated the Age Discrimination in Employment Act, the Americans with Disabilities Act of 1990, the Family Medical Leave Act, and Illinois common law. (Doc. 1). Defendant filed a Motion to Dismiss Count IV, the common law breach of contract and/or promissory estoppel claim, which was granted on May 25, 2011; Plaintiff was granted leave to amend his Complaint to cure the deficiencies found by the Court. (Doc. 13). Plaintiff filed his

Amended Complaint on June 8, 2011. (Doc. 15). The instant Motion to Dismiss again concerns the Amended Complaint's allegations of breach of contract and/or promissory estoppel[2] under Illinois common law, which are found in Count IV. (Doc. 15 at 10-11).

The Court notes that, though Plaintiff's original Complaint was identical to the Amended Complaint except for the added factual details concerning consideration and reliance required by the Court's previous decision, Defendant did not raise any of the other arguments now raised in the instant Motion to Dismiss. If these arguments are appropriate now, it appears that they would have been appropriate on the first attempt to have Count IV dismissed; there is no new basis for these arguments. The Court is inclined to find that Defendant should have raised these arguments in relation to the first Motion to Dismiss, and is barred from doing so now; even if not barred, Defendant's course of conduct is looked upon with disfavor as a waste of the Court's and the parties' time and resources. However, the Court will consider Defendant's various new arguments in an effort to establish the relevant issues more clearly.

---

[2]  The Court notes that a plaintiff is typically barred from recovering under promissory estoppel where the transaction between the parties adds up to a contract, at least where the same performance is alleged to constitute both consideration and detrimental reliance. *See Janda v. U.S. Cellular Corp.*, 1–10–3552, --- N.E.2d ----, 2011 WL 5903452, *17 (Ill. App. Ct. Nov. 18, 2011) (*quoting Prentice v. UDC Advisory Services, Inc.*, 648 N.E.2d 146, 150 (Ill. 1995)). It is well-established that plaintiffs need not plead legal theories in federal court, so Plaintiff may proceed with his Amended Complaint's citation of both theories at this point. Illinois courts also recognize that plaintiffs may plead both theories in the alternative. *Prentice*, 648 N.E.2d at 150 (citations omitted). However, "once it is established, either by an admission of a party or by a judicial finding, that there is in fact an enforceable contract between the parties and therefore consideration exists, then a party may no longer recover under the theory of promissory estoppel" for the same performance supporting the contract. *Id.*

## LEGAL STANDARD

"In ruling on Rule 12(b)(6) motions, the court must treat all well-pleaded allegations as true and draw all inferences in favor of the non-moving party." *In re marchFIRST Inc.*, 589 F.3d 901, 904 (7th Cir. 2009) (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir.2008)). To survive a motion to dismiss under 12(b)(6), a plaintiff's complaint must "plead some facts that suggest a right to relief that is beyond the 'speculative level.'" *EEOC v. Concentra Health Svcs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 560-63 (2007)). Though detailed factual allegations are not needed, a "formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 547. "The complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Bissessur v. Indiana University Bd. of Trustees*, 581 F.3d 599, 602 (7th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557; *Tamayo*, 526 F.3d at 1084).

## DISCUSSION

Defendant's Motion to Dismiss challenges the legal sufficiency of Count IV of Plaintiff's Amended Complaint, which alleges breach of contract and promissory estoppel under Illinois common law. (Doc. 17). As noted above, Defendant previously sought, and was granted, dismissal of Plaintiff's first attempt at pleading these theories. (Doc. 13). The Court found that Plaintiff had failed to allege sufficient facts regarding consideration and detrimental reliance, as Plaintiff had merely stated that he "assisted FCA in obtaining Caterpillar business, forewent other employment opportunities, made preparations to move to another FCA

location, and otherwise detrimentally relied upon FCA's offers and/or promises of employment." (Doc. 1 at 10).

Plaintiff's Amended Complaint is directed toward both of these cited deficiencies, and adds more factual specificity to the allegations regarding Plaintiff's additional work and preparations to relocate. He alleges that in exchange for and in detrimental reliance upon Defendant's promise of secure employment, he performed additional work for Defendant that was not part of his job duties, which resulted in Defendant obtaining new work on behalf of Defendant for Caterpillar in Texas and at Defendant's location in Mossville. In addition, he continued working for Defendant and did not seek other employment, and in preparation to move to another of Defendant's locations, sold cattle from his family farm and rented tillable acreage to a neighboring farmer, which resulted in lost profits. (Doc. 15 at 10-11).

## I.      Contract

As noted in the Court's Order & Opinion on Defendant's previous Motion to Dismiss, "[u]nder Illinois law, a plaintiff looking to state a colorable breach of contract claim must allege four elements: (1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) resultant damages." *Reger Development, LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010) (internal quotations omitted). Because Plaintiff alleges an oral contract, he must "establish that the offer was 'clear and definite' and supported by adequate consideration" in order to prevail on his claim. *Taylor v. Canteen Corp.*, 69 F.3d 773, 782 (7th Cir. 1995). Defendant now argues that the allegations in Plaintiff's Amended Complaint are insufficient to state a claim for

breach of contract, both because they do not allege a sufficiently clear and definite promise, and because they do not allege sufficient consideration.

### A. Clear and Definite Promise

Defendant first argues that Plaintiff has not alleged a sufficiently clear and definite promise. Plaintiff responds by arguing that he is not required to allege the precise wording of the alleged promises prior to discovery, pointing out that Defendant's case citations all concern the terms of promises *after* discovery had taken place, not the allegations of the initial pleadings. Plaintiff relies on *Taylor v. Canteen*, a Seventh Circuit case in which the court found that an oral offer of permanent employment was sufficiently clear and definite to survive summary judgment.

In *Taylor*, the plaintiff gave up his union position for a job with the same employer as a maintenance supervisor. 69 F.3d 773. When he was offered the new job, which would entail the loss of his union protections, he expressed concern about job security. He was told on two separate occasions "you have nothing to worry about," that "he should not be concerned because there was no chance the company would fire him as soon as he gave up his union benefits," that he could work for the employer for "as long as [Taylor] wished," and that he would hold the job "until he retired or decided he did not want the job anymore." *Id*. at 782-83 (alteration in original). Plaintiff here alleges Mr. Campagna told him that, though Defendant's ownership was changing, he had nothing to worry about, and that his job was secure for as long as he wanted. Mr. Campagna later told Plaintiff that his

employment was secure and he would have a job with Defendant for as long as he wanted, even if Defendant closed the facility where he was currently working.

As Defendant's cited cases show, it may be that after discovery Plaintiff will be unable to support his allegations of a clear and definite promise with evidence, and will thus fail to withstand a motion for summary judgment or a trial. However, Plaintiff pleads the same sort of promises that were alleged and, after discovery, supported by evidence in *Taylor*, and which was sufficient to support a claimed oral contract for permanent employment. At this point, by alleging the type of promises made in *Taylor*, Plaintiff has done enough to entitle him to discovery as to the specific words used and their context.

### B. Adequate Consideration

Defendant argues that Plaintiff has failed to allege adequate consideration to support the contract he claims. "Consideration consists of some detriment to the offeror, some benefit to the offeree, or some bargained-for exchange between them." *Doyle v. Holy Cross Hospital*, 708 N.E.2d 1140, 1145 (Ill. 1999) (citing *Lipkin v. Koren*, 64 N.E.2d 890, 893 (Ill. 1946)). "Any act or promise which is of benefit to one party or disadvantage to the other is a sufficient consideration to support a contract." *Id.* (quoting *Steinberg v. Chicago Medical School*, 371 N.E.2d 634, 639 (Ill. 1977). Allegations of oral contracts for permanent employment are viewed somewhat more skeptically than are other types of contracts. *See, i.e.*, *Smith v. Board of Education of Urbana School District No. 116*, 708 F.2d 258, 263 (7th Cir. 1983) ("Illinois courts are distrustful of a claim by an employee that his employer orally contracted to pay him wages for an indefinite period of time."); *Milazzo v.*

*O'Connell*, 925 F.Supp. 1331, 1340 (N.D.Ill. 1996) (citing *Smith*, 708 F.2d at 263; *Maher v. Con–Way Intermodal, Inc.*, No. 92 C 2863, 1993 WL 243319 at *6 (N.D. Ill. June 30, 1993)) ("In Illinois oral contracts for employment are viewed more skeptically than written contracts, and the analysis of such contracts is 'more scrutinizing.'").

First, Defendant asserts that Plaintiff's Amended Complaint fails to assert a "bargained-for exchange" as required by Illinois contract law. As Plaintiff points out, Defendant made this argument in its original Motion to Dismiss, and the Court did not base its dismissal of the original Complaint on that alleged deficiency. (Docs. 7 & 13). The Court found only that Plaintiff had failed to sufficiently allege the facts surrounding his allegations of consideration and detrimental reliance. However, contrary to Plaintiff's assertion, Defendant's instant argument on this point is not barred by the previous Order & Opinion. The Court had no occasion to reach the issue of whether Plaintiff adequately alleged that he and Defendant had bargained for Plaintiff's foregoing other job opportunities, as the Court found that Plaintiff had not adequately alleged facts concerning those opportunities or other consideration; the Court sought additional facts that should have been within Plaintiff's knowledge, concerning what additional work he performed for Defendant, what other employment opportunities he rejected, and what relocation preparations he undertook. (Doc. 13 at 5-6). Defendant also again claims that the consideration alleged by Plaintiff, now enhanced with the added factual allegations of the Amended Complaint, is insufficient as a matter of law. (Doc. 18 at 4-6).

Plaintiff alleges in the Amended Complaint that he assisted Defendant, outside his existing job responsibilities, in obtaining particular additional work; that he remained employed by Defendant and did not seek other employment opportunities; and that he agreed to move to a new location, which resulted in lost profits to him when he sold cattle from his family farm and rented tillable acreage to a neighboring farmer in preparation for the move. (Doc. 15 at 10-11). The Court finds that Plaintiff has alleged two acts that were sufficiently "bargained-for" and sufficiently detrimental to Plaintiff or beneficial to Defendant to withstand summary judgment.

As noted above, Plaintiff's Amended Complaint alleges the particular new business that he helped Defendant to obtain, which he claims as consideration to support the alleged offer of permanent employment; these new facts are sufficient to render the claim plausible, and to put Defendant on notice. Plaintiff does not explicitly allege that his assisting Defendant in obtaining additional work from Caterpillar was part of the deal for permanent employment and therefore overtly "bargained-for." However, the Court must, at this stage, draw all reasonable inferences in Plaintiff's favor and take all facts pled as true: it is not unreasonable to take Plaintiff at his word when he says that he performed this additional work "in exchange for" the promise, nor is it unreasonable to infer or imagine from that "in exchange for" language that Defendant asked him to do so when it offered him permanent employment. Indeed, this is precisely what "in exchange for" typically means. Further, it is undisputable that performing work that one is otherwise not obligated to do can be sufficient consideration; as Plaintiff alleges that this work

was outside his existing job responsibilities, it is reasonable to infer that he was not otherwise required to do it, and so it can be consideration.

Likewise, the new facts concerning Plaintiff's relocation preparations are sufficient to establish a plausible claim of bargained-for detriment. A reasonable inference from the allegation that Defendant asked, and Plaintiff agreed, to move to another of its locations (in Joliet, Illinois, Texas, or North Carolina) is that Defendant wanted Plaintiff to prepare to move. The fact that Plaintiff does not allege that Defendant specifically asked Plaintiff to sell cattle or rent out his land, and thereby lose profits from his farm, is not fatal to the claim because he does allege that Defendant asked him to relocate and Defendant should reasonably have anticipated that Plaintiff might incur some expenses or losses in preparing to move. Where an employee "makes in return some sacrifice…that he probably would not have made absent a guarantee of continued permanent employment," such as relocating at personal expense, the Illinois courts will in appropriate cases find consideration to support an oral contract for permanent employment. *Smith*, 708 F.2d at 263.

As for Plaintiff's allegation that he forewent pursuing other job opportunities to remain employed by Defendant, the applicable law indicates that, absent specific foregone job offers or otherwise doing something beyond what one would have done anyway, merely continuing to work for an employer does not constitute sufficient consideration to support an oral contract for continued employment. The Court previously invited Plaintiff to specify other particular job opportunities he gave up, and Plaintiff has failed to do so; he offers no facts beyond the allegation that he

continued to work for Defendant and did not seek other work. As noted above, oral contracts for permanent employment are viewed with skepticism, given the default rule of at-will employment and the one-sided nature of a contract in which the employee alone determines its duration. Plaintiff correctly notes that the Illinois courts have, in some circumstances, held that merely continuing employment can be consideration for certain employment contracts, but the cases cited by Plaintiff do not involve oral contracts for permanent employment. [3]

In *Pillay v. G.C. Services Ltd. Partnership*, the Northern District held that where an oral contract for permanent employment is alleged, "it is not enough that the employee merely refrain from pursuing alternative employment opportunities. …At the very least, the employee must forgo a real and favorable job offer from

---

[3]     In fact, there has been a split of authority in Illinois on the type of consideration necessary to support an oral contract for permanent employment. In *Kercher v. Forms Corp. of America, Inc.*, an Illinois appellate court recognized "that a split exists in Illinois authority regarding the question of whether foregoing another employment opportunity sufficiently supports a promise of permanent employment." 630 N.E.2d 978, 980 (Ill. App. Ct. 1994). The *Kercher* court reviewed several cases, and found that the rule that foregoing other opportunities is not adequate consideration was "the majority rule" and "the better rule." *Id.* at 981. In *Martin v. Federal Life Ins. Co. (Mut.)*, another Illinois appellate court reviewed both Illinois and federal cases on the subject, which revealed a significant split, and held that neither position was thus "palpably erroneous," and so did not overturn the law of the case holding that foregoing other opportunities is adequate consideration. 644 N.E.2d 42, 46-47 (Ill. App. Ct. 1994). Notably, the *Martin* court's review indicated that all but one of the cases against finding consideration were from Illinois courts, while the cases in favor of finding consideration were from federal courts attempting to apply Illinois law. Since *Kercher* and *Martin*, and as discussed in the text immediately below, the Northern District of Illinois has successfully distinguished between the types of cases in which foregoing other opportunities is adequate consideration, thus resolving, in this Court's estimation, much of the difficulty. *Pillay v. G.C. Services Ltd. Partnership*, 98 C 1189, 1998 WL 242135, *4 (N.D. Ill. May 6, 1998); *Chism v. Kenall Mfg. Co.*, 06 C 3374, 2008 WL 506115, *17 (N.D. Ill. Feb. 15, 2008). Giving up specific job offers is enough, but merely refraining from seeking other work is not.

another employer or give up a secure position." 98 C 1189, 1998 WL 242135, *4 (N.D. Ill. May 6, 1998) (citing *Smith*, 708 F.2d at 263-64; *Milazzo*, 925 F.Supp. at 1341; *Lamaster v. Chicago & N.E. Ill. District Council of Carpenters*, 766 F.Supp. 1497, 1501 (N.D. Ill.1991). The Northern District repeated this distinction ten years later in *Chism v. Kenall Mfg. Co.*, requiring the plaintiff to have given up "concrete offers of employment." 06 C 3374, 2008 WL 506115, *17 (N.D. Ill. Feb. 15, 2008) (citing *Smith*, 708 F.2d at 263; *Lamaster*, 766 F.Supp. at 1501; *McInerney v. Charter Golf Inc.*, 680 N.E.2d 1347, 1350-51 (Ill. 1997)). The Court finds this distinction to be a reasonable one; specific foregone opportunities can be sufficient to support an oral contract for permanent employment, but merely refraining from looking for other work is not. In his Amended Complaint, Plaintiff again did not allege the existence of any specific offers of employment that he rejected, though such offers would certainly be within his personal knowledge. When a plaintiff fails to allege, when given a second opportunity, a key fact that would be within his own knowledge, it is not plausible for the Court to assume the existence of such specific opportunities.

Plaintiff directs the Court's attention to *Mohr v. Arachnid, Inc.*, in which an Illinois appellate court noted that though "[i]t is true that a promise to do something one is already obligated to do is not adequate consideration," an at-will employee is not obligated to continue to show up for work every day, so his doing so could be consideration for certain promises in the right circumstances. 559 N.E.2d 1098, 1101-02 (Ill. App. Ct. 1990). Where, in an effort to retain an employee who was worried about the company's future, the employer made a promise of severance

pay if the employee were to be terminated, the *Mohr* court held that continuing to work was sufficient consideration to support the promise, because the employee conferred a benefit on the employer that she was not otherwise obligated to confer. *Id*. It was important to the court that the "agreement itself indicate[d] that it was arrived at in order to entice the plaintiff to continue working in light of possible management changes which allegedly caused her to consider other employment." *Id*. at 1102 (citing *Adams v. Lockformer Co.*, 520 N.E.2d 1177, 1180 (Ill. 1988)).

The comparison to *Mohr* is inapposite. Here, Plaintiff does not allege that he, like the *Mohr* plaintiff, had been considering other employment, or that he, as had the *Mohr* plaintiff, had expressed his concern about the upcoming change in ownership. Plaintiff therefore does not allege that he changed his existing plans in order to accept Defendant's offer. Another key distinction is that *Mohr* did not concern an open-ended offer of permanent employment, as is alleged here, but only a promise of specific severance pay if the employee were terminated; limited severance contracts are not viewed with the same skeptical eye as are oral contracts for open-ended permanent employment. Finally, since *Mohr*, a number of Illinois and federal cases, as noted above, indicate that a plaintiff must do more than simply avoid looking for other work – he must actually give up other job opportunities (or perform some other consideration) to support an oral contract for permanent employment. The Court adopts the rule that specific foregone job offers are sufficient to support an oral contract for permanent employment (and that such job offers must be alleged in order to render the claim plausible, since they should be within the Plaintiff's personal knowledge), but that merely continuing to work

and refraining from seeking other jobs is not sufficient. As Plaintiff does not allege any specific rejected job offers in his Amended Complaint, the allegations relating to foregone employment opportunities as consideration will not be considered.

Though the Court does not accept Plaintiff's allegations of foregone employment opportunities as consideration to support an oral contract for permanent employment, Plaintiff has, as explained above, alleged two other forms of consideration that were allegedly bargained-for and which could be sufficient: performing additional work for Defendant, and making preparations to move to another of Defendant's locations. For this reason, Defendant's Motion to Dismiss Count IV of Plaintiff's Complaint for failure to state a contract claim must be granted in part and denied in part.

## II.     Promissory Estoppel

Plaintiff also relies on common-law promissory estoppel against Defendant.

> To establish a claim based upon promissory estoppel, a plaintiff must allege and prove that '(1) defendants made an unambiguous promise to plaintiff, (2) plaintiff relied on such promise, (3) plaintiff's reliance was expected and foreseeable by defendants, and (4) plaintiff relied on the promise to its detriment.' A plaintiff's reliance must be reasonable and justifiable.

*Ross v. May Co.*, 880 N.E.2d 210, 217 (Ill. App. Ct. 2007) (quoting *Quake Construction, Inc. v. American Airlines, Inc.*, 565 N.E.2d 990, 1005 (Ill. 1990)). Defendant claims that Plaintiff fails several of these elements, arguing that Plaintiff's Amended Complaint fails to state a claim for promissory estoppel both because he does not plead an unambiguous promise and because Plaintiff's allegations regarding his reliance are insufficient. As noted above, the Court previously found that Plaintiff's original Complaint insufficiently alleged the facts

of his detrimental reliance on the promise of secure employment by Defendant, and permitted Plaintiff to amend his Complaint; Plaintiff's Amended Complaint has filled in more details to support his claimed reliance. (Doc. 15 at 10-11).

### A.    Unambiguous Promise

Defendant relies on the same arguments for its assertion that Plaintiff fails the unambiguous-promise requirement as for its assertion that Plaintiff does not allege a clear, definite promise. As discussed above, the Court found Plaintiff's allegations to be sufficient to allege a clear and definite promise for purposes of his contract claim; Defendant cites no authority indicating that the standard under promissory estoppel of an "unambiguous promise" is more demanding.

Defendant cites to *Schoeneck v. Chicago Nat. League Ball Club, Inc.*, in which the Northern District of Illinois granted the defendant employer's motion for summary judgment as to the plaintiff employee's promissory estoppel claim in part because the alleged promise's term was unclear. 867 F.Supp. 696, 703 (N.D. Ill. 1994). However, in *Schoeneck*, there was a significant ambiguity in the offer such that it could have referred to merely one year's employment or to lifetime employment. The plaintiff was employed by the Cubs baseball team as a ball person. During the 1991 season, she asked about employment during the next season, and was told "'You got it,' and that she could have the job for 'as long as [she] wanted.'" *Id.* at 701 (alteration in original). The employee promoted the interpretation that lifetime employment was intended, but the court found that "the language and circumstances cannot definitively support such a reading" and granted summary judgment to the defendant. *Id.* at 702-03. Here, no such

contextual ambiguity exists at this stage, and there is no inherent ambiguity in the statements alleged, so Plaintiff's allegations of an unambiguous promise are sufficient to withstand the motion to dismiss. If such ambiguity appears later (*Schoeneck* was decided at the summary judgment stage, after discovery), of course the Court may find that the alleged promise is too ambiguous to support the claim

## B. Detrimental Reliance

Defendant also argues that Plaintiff's allegations concerning his reliance on Defendant's alleged promise of permanent employment are insufficient. As for his contract allegations, Plaintiff alleges detrimental reliance in the form of his performance of additional work for Defendant that was not required by his job, his continuing to work for Defendant and refraining from seeking other jobs, and his detrimental preparations to move to another of Defendant's locations. As noted above, for a plaintiff to prevail on a promissory estoppel claim, he must show, *inter alia*, that his reliance on the promise "was expected and foreseeable by defendants," that he "relied on the promise to [his] detriment," and that his claimed reliance was "reasonable and justifiable." *Ross*, 880 N.E.2d at 217 (internal quotations omitted).

First, Defendant argues that it did not expect or anticipate any of the types of reliance Plaintiff alleges. Plaintiff counters by pointing to his allegation that such reliance was undertaken "in exchange for" the promises, which necessarily entails knowledge of the actions by both parties. The Court finds Plaintiff's arguments on this point to be meritorious. It is not unreasonable to infer from Plaintiff's allegations that Defendant asked, and therefore expected, Plaintiff to perform the additional work alleged. It is obvious that if Defendant promised permanent

employment to Plaintiff, it would have expected Plaintiff to remain in its employ and to not seek a different job. Finally, in asking Plaintiff to relocate, Defendant would have had to assume that Plaintiff would need to undertake some preparations to move. The issues of proving whether Defendant indeed asked Plaintiff to perform additional work and whether Defendant should have expected the particular losses Plaintiff would incur in preparing to move are not appropriate for the Motion to Dismiss stage. At this point, Plaintiff's allegations, and the reasonable inferences arising from them, add up to a plausible, non-speculative story in which Defendant could have expected or anticipated that Plaintiff would rely on its promise, which is all that is required to withstand a motion to dismiss.

Defendant also argues that two of Plaintiff's claimed instances of reliance were not sufficiently detrimental. First, it argues against Plaintiff's citation of his continuing to work for Defendant and not seeking other employment as detrimental reliance. The Court agrees. Plaintiff's decision to continue appearing for work and to not seek other jobs is insufficiently detrimental, given that Plaintiff does not allege that he actually rejected any particular job offers. Since such facts would be within Plaintiff's personal knowledge, there is no reason that he could not have alleged them when invited to do so by the Court after the first Motion to Dismiss. It is not reasonable for the Court to assume, given the failure to allege any other job offers, that Plaintiff incurred any detriment by continuing to work for Defendant as he had been doing for over ten years; it is likewise unreasonable for the Court to simply assume that Plaintiff would have had better employment offers if he had quit and sought other work. Just as likely is the inference that Plaintiff would have

experienced a period of unemployment, and then perhaps found an equivalent job. The Court will therefore not consider Plaintiff's continuing to work for Defendant and refraining from seeking other work as detrimental reliance.

Second, Defendant claims that Plaintiff's allegations of losses resulting from his preparing to relocate are insufficiently detailed to support his claim of detrimental reliance, arguing that Plaintiff does not explain why his farm-related preparations necessarily resulted in lost profits, or why he was unable to recover those profits, either in terms of the prices set for the cattle sale and land rental, or in terms of re-acquiring his livestock (or other, equivalent livestock) or land. Such explanations and precise numbers are unnecessary at this point. Plaintiff has alleged the particular actions he claims he took in reliance on the promise, and that they resulted in a loss of profits. The Court must take the allegation that Plaintiff lost profits as true – Plaintiff need not give specific numbers, and the Court need not, and could not, yet judge Plaintiff's business acumen in making the transactions he alleges. At this point, it is sufficient that he alleges that he lost profits as a result of his reliance on Defendant's promise of permanent employment, which allegedly required relocating.

Defendant does not challenge, and could not credibly argue against, Plaintiff's allegation that he performed additional work for Defendant that was outside the scope of his existing job responsibilities. Assuming the truth of Plaintiff's allegations, which, as discussed above, now contain appropriate factual detail, he performed particular work that was otherwise uncompensated because

that was part of Defendant's promise of permanent employment; it is undisputable that performing valuable work without compensation would be detrimental.

Finally, Defendant contends that it was not reasonable for Plaintiff to rely on the promise in the ways he alleges. Defendant's primary argument on this point is that the promises allegedly made to Plaintiff were merely "informal expressions of goodwill and hope," upon which it would be unreasonable as a matter of law to rely. Given the Court's determination above that Defendant's statements to Plaintiff were sufficiently unambiguous to state a claim for promissory estoppel, this argument must be unsuccessful. Unlike the case of *M.T. Bonk v. Milton Bradley Co.*, which Defendant cites, Plaintiff does not allege that he and Defendant were merely discussing the possibility of a business deal, or that Defendant told him that it could fall through at any point. 945 F.2d 1404, 1408 (7th Cir. 1991) (reliance unreasonable where no promise to license game made by defendant and defendant informed plaintiff that "product considered for licensing could be canceled at any time during the process"). Instead, he alleges that he was twice told that his job was secure and that he would have a job with Defendant for as long as he wanted – this promise, which carried no disclaimers, is unambiguous enough in its offer of permanent employment to allow appropriate forms of reliance. It offers more than the default at-will employment, since it promises that Plaintiff would hold his job for as long as *he* wanted, not merely until either he *or Defendant* terminated it.

Where the reasonableness of a party's reliance on a promise is at issue, the real question is whether the party took his actions in reliance too far. Plaintiff's allegations concerning his reliance are sufficiently detailed for the Court to

determine that his actions were facially reasonable such that inferring the reasonableness of his alleged reliance is neither speculative nor implausible. Taking Plaintiff's allegations as true, it would not be unreasonable for Plaintiff to perform additional work for Defendant or to prepare to relocate in order to accept Defendant's promise of permanent employment. If it appears after further discovery that Plaintiff's actions were indeed unreasonable, then perhaps Defendant can prevail on a motion for summary judgment or at trial. At this stage, however, Plaintiff has plausibly alleged reasonable reliance.

## CONCLUSION

As the Court has discussed, the only ones of Plaintiff's allegations that are insufficient are those that claim his continuing to work for Defendant and refraining from seeking other employment constituted either consideration or detrimental reliance. Merely continuing to work and refraining from seeking other employment is insufficient as a matter of law. As Plaintiff has already been given one chance to enhance the factual details of those allegations and did not, as invited by the Court, allege any specific rejected job offers, which would already be within his personal knowledge, he will not be allowed to amend them again; amendment would be futile. Going forward, the Court will not consider Plaintiff's continuing to work and refraining from seeking other employment as either consideration or detrimental reliance. However, since Plaintiff has alleged other consideration and reliance, and has, as explained above, otherwise adequately alleged his claims for breach of contract and promissory estoppel, the Court will not dismiss Count IV of his Amended Complaint.

Therefore, Defendant's Motion to Dismiss Count IV of Plaintiff's Amended Complaint (Doc. 17) is DENIED. This matter is REFERRED to Magistrate Judge Gorman for further pretrial proceedings. IT IS SO ORDERED.

Entered this <u>18th</u> day of January, 2012.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge
