UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| George A. Kirgan,<br>        Plaintiff | )<br>)<br>) | |
| v. | )<br>) | Case No. 10-1392 |
| FCA LLC,<br>        Defendant | )<br>)<br>)<br>) | |

**ORDER**

Now before the Court are: Plaintiff's motion for sanctions (#43) and Defendant's motion for leave to file an amended answer (#41).

I MOTION FOR SANCTIONS

This case arose out of the termination of Plaintiff's employment. Two of defendant's managing officers – Jeff Campagna (CEO) and Craig Borsdorf (COO) were directly involved in the decision to discharge Plaintiff. Plaintiff's counsel tried repeatedly to obtain the calendars that Campagna and Borsdorf kept. She sent a notice that she had been retained and that, unless amicable agreement was reached, an EEOC charge would be filed. After this case was filed, she requested the calendars in written discovery in November of 2011. She was told several occasions that the men did not keep such calendars; she subpoenaed the calendars from the men directly. Again she was told that they did not keep calendars.

On March 4, 2013, during his deposition, Borsdorf testified that he has always kept a daily electronic calendar but that he routinely deletes the entries after the date has passed. He could not recall if or when he was told to keep copies of his calendars, although he admitted he was told in 2011 that Plaintiff was seeking them. In fact, he

1

admitted that he was told a week before his deposition to retain his calendars but he nonetheless continued his practice of deleting his electronic calendar through March 1, 2013. In an Order dated March 20, 2013, Plaintiff's motion to compel was granted and Defendants were ordered to provide Plaintiff with a copy of all existing calendars and to provide a verified identification of any calendars that had been lost or destroyed, with an explanation for why they had not been preserved. In addition, the two men were ordered to sit for supplemental depositions regarding the calendars.

Plaintiff has now filed a motion for sanctions (#43), based on Borsdorf's destruction of his daily calendars.

When a party first reasonably foresees that litigation is reasonably anticipated, it is required to suspend routine policies governing how documents and information are retained or destroyed and to put into place a litigation hold. See, *Krumwiede v Brighton Associates, LLC,* 2006 WL 1308629, at *8 (ND Ill), citing *Zubulake v UBS Warburg LLC,* 220 F.R.D. 212, 218 (SDNY 2003). This extends to all evidence that is discoverable under FRCP 26. See *Wiginton v Ellis,* 2003 WL 22439865, at *4 (NDIL).

In analyzing whether sanctions are appropriate for failing to preserve evidence, a court is guided by three factors: (1) a breach of the duty to preserve or produce documents; (2) the level of culpability for the breach; and, (3) the prejudice[1] that results from the breach. *Danis v USN Communications Inc.,* 2000 WL 1694325, at *31 (NDIL). Sanctions must be proportionate to the offending conduct. *Langley v Union Electric Co.*,

---

[1] There is authority for Plaintiff's position that prejudice is not an element for the court to consider in deciding *whether* to impose sanctions. See, for example, *YCB International, Inc. v UCF Trading Co, Ltd.,* 2012 WL 3069526 (NDIL). Because sanctions have purposes other than remedying prejudice (i.e. deterrence and punishment, see *Larson v. Bank One Corp.,* 2005 WL 4652509, at *8 (NDIL ), sanctions can be imposed even without a showing of prejudice. Nonetheless, the existence of prejudice (or the lack thereof) is crucial in determining the *level* of sanctions that would be appropriate under the circumstances. One way or the other, the question of prejudice must be addressed.

107 F3d 510, 515 (7th Cir 1997), cited in *Jacobeit v Rich Township High School District 227*, 2011 WL 2039588, at *6 (NDIL). Sanctions can be imposed on a finding of bad faith, willfulness, or fault, *Brandt v Vulcan, Inc.,* 30 F3d 752, 756 (7th Cir 1994), and are proper only when a party knew or had reason to know that litigation was forthcoming. *Trask–Morton v Motel 6 Operating L.P.,* 534 F3d 672, 681 (7th Cir 2008).

In the case now before this Court, there is no question that Defendant was under a duty to preserve all documents relating to Plaintiff's discharge, at the very least from the date that the EEO charge was filed. At that point, the reasonable possibility of litigation existed. The duty was reinforced by subsequent communications from Plaintiff's attorney, ranging from discovery requests to subpoenas to depositions.

Second, there is no question that the duty was breached. Despite repeated requests for Borsdorf's calendars, Defendant failed to take steps to preserve them. Borsdorf acknowledges that he knew – and hence Defendant knew, because his knowledge is attributable to Defendant – Plaintiff wanted the documents. He nonetheless continued to delete his entries on a regular basis for several years, all the while continuing to insist that no calendars existed.

Third, as mentioned, what Borsdorf knew and what he did are attributable directly to the Defendant in this case. At hearing on this motion, counsel for Defendant conceded that Borsdorf, as COO of Defendant, was an agent for Defendant. Defendant is therefore culpable for Borsdorf's conduct, which can, at best, be described as misleading and intentional.

Finally, I find that Plaintiff has been prejudiced. He was deprived of a valuable source of potentially-impeaching information. Borsdorf was one of two key decision makers with respect to Plaintiff's employment. The few calendars he has produced for the past several months show details such as who attended meetings and the content of the meetings, and some of the entries even have relevant documents attached. Deletion of the entries from the past several years means that Plaintiff is now stuck with his testimony about meetings and events, with no documentary means of challenging or verifying it.

Under these circumstances, I conclude that sanctions are warranted. The only remaining question is which sanction is appropriate. On the one hand, this is the first and only instance in which misconduct has been reported. On the other hand, it went on for years and involved multiple acts of intentional deletion as well as misrepresenting to Plaintiff the existence of these calendars. If this Court had simply been presented with a continuation of routine practice and not a deliberate attempt to conceal information, a minor sanction might due. But here, Borsdorf repeatedly lied about the calendars, all the while deleting entries therein, creating the clear impression that he had deliberately decided to thwart Plaintiff's efforts to obtain them.

In addition to Borsdorf's conduct being attributable to the Defendant, Borsdorf testified that he could not specifically recall if he had ever been told to keep his calendars. The duty to preserve documents belongs to the Defendant itself, and if Defendant failed to notify him of the need to cease routing document destruction practices, or failed to supervise the document retention, then Defendant itself is culpable directly, not simply vicariously as a result of Borsdorf's conduct.

4

I do not believe that the sanction of default is warranted. I do, however, believe that stern measures are called for. The Defendant's direct and vicarious conduct was willful and intentional, and it cannot be condoned. Accordingly, the following sanctions are entered:

1. The jury is to be given a spoliation instruction, which permits the jury to draw a negative inference from its failure to preserve and its destruction of relevant documents.

2. Defendant may not use – at summary judgment or at trial – any evidence or argument that may have been contained in Borsdorf's destroyed calendars, unless that evidence or argument is corroborated by other documentary evidence or by testimony of witnesses independent of the Defendant.

3. Defendant shall pay attorney's fees to the Plaintiff for the fees his counsel incurred in preparing this motion. That amount shall be doubled, in a rough effort to compensate Plaintiff for the efforts that were made in her counsel's attempts to obtain the calendars.

## II. MOTION FOR LEAVE TO FILE AMENDED ANSWER

In this motion, filed on March 20, 2013, Defendant asks for leave to amend its answer to add an affirmative defense. The basis for this motion is Defendant's "belief" that Count IV of the Amended Complaint "may encompass" a claim for breach of an oral contract. The new affirmative defense would be the Illinois Statute of Frauds.

Plaintiff opposes this motion. He argues that the amended complaint has been on file since June 8, 2011. Two separate motions to dismiss attacked Count IV of the complaint, each based on an alleged deficiency as to a claim relating to an oral contract.

Both motions were denied. Now, after discovery has closed and only a day before dispositive motions were filed, Defendant asks to add this new issue to the case.

There are any number of reasons this motion should be denied. A district court has discretion to deny leave to amend where there has been undue delay. *Forman v Davis,* 371 US 178, 182 (1962), cited in *Bethany Pharmacal Co. v QVC Inc.*, 241 F3d 854, 861 (2001). Defendant has known of Plaintiff's claim of an oral contract for over 2 years, and it has had any number of opportunities to add this defense. Its failure to do so before discovery closed certainly constitutes undue delay. Second, the Statute of Frauds is an affirmative defense, FRCP 8(c), and failure to plead an affirmative defense in an answer constitutes waiver. *Johnson v Sullivan*, 922 F2d 346, 355 (7th Cir 1990); *Illinois Conference of Teamsters v Steve Gilbert Trucking*, 71 F3d 1361, 1365 (7th Cir 1995).

This is especially true where an affirmative defense is first raised at summary judgment. See, *Phipps v Sheriff of Cook* County, 681 FSupp2d 899, (NDIL 2009). The Seventh Circuit has referred to a similar situation as "bushwhacking." *Venters v City of Delphi*, 123 F3d 956, 969 (7th Cir 1997).

Several district court cases are instructive. In *Canadian Pacific Railway Co. v Williams-Hayward Protective Coatings, Inc.,* 2005 WL 782698 (NDIL), defendant made a statute of frauds argument for the first time in its motion for summary judgment. The court rejected the defendant's interjection of the affirmative defense "at the eleventh hour" (2 years after the complaint was filed and 2 months before trial). *Id.* at *17. See also, *Dugdale v Alcatel-Lucent USA, Inc.*, 2011 WL 1100249 (SD Ind) (denying motion to amend to add statute of frauds defense after close of discovery and 2 days before response to summary judgment); *Spivey v Adaptive Marketing LLC*, 2009 WL 2705420

(SDIL) (denying motion to amend to add statute of frauds on last day of discovery because of undue delay).

All of the above arguments disregard the question of prejudice to the Plaintiff, which is really the only basis Defendant raises for its motion: it claims Plaintiff will not be unduly prejudiced if the amendment is allowed. There are two problems with this argument: it is not sufficient to show lack of prejudice where there has been undue delay, and the argument does not bear up under scrutiny.

As many of the cases cited above make clear, undue delay *without* more is enough to support denial of a late motion to amend, even if there is no prejudice to the opposing party. See, *Spivey*, 2009 WL 2705420. Here, where the delay was unjustified, the question of prejudice to the Plaintiff is immaterial.[2]

Either because of undue delay or because it has been waived, Defendant may not add this defense to its answer. The motion for leave to amend is DENIED.

### III. CONCLUSION

As stated herein, Plaintiff's motion for sanctions (#43) is GRANTED. Plaintiff's counsel shall file an affidavit of fees incurred for the preparation of the Motion within 28 days of this date. Defendant's motion for leave to amend (#41) is DENIED.

ENTERED: April 10, 2013

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff points out that the Statute of Frauds defense – and rebuttal thereof – is factually nuanced because there are so many exceptions. By not raising this defense until discovery has closed, Defendant has effectively precluded Plaintiff from exploring the factual bases that might exist for the exceptions to the Rule. If it were necessary to find prejudice, I would conclude that this fact alone would suffice.